UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WINDWARD BORA LLC,

                       *Plaintiff,*

vs.

GULSHAN ANWAR, LOVELY YEASMIN AND
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD,

                       *Defendant(s).*

**ANSWER**

Civil Action No. 1:19-cv-04383

------------------------------------------------------------------X

Gulshan Anwar, ("Defendant") answers the complaint of Windward Bora LLC ("Plaintiff") herein alleges as follows:

1.     Denies the allegations in paragraphs "8," "13," "14," "15, "16," "17," 18" of the complaint;

2.     Is without knowledge or information sufficient to form a belief regarding the allegations in paragraphs "1," "2," "3," "4," "5," "6," "7," "9," "10," "11," "12," "19," "20," "21," and "22" of the complaint, and therefore denies the same.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3.     Realleges each and every allegation contained in Paragraph 1 through 2 above as though set forth fully and at length herein.

4.     Plaintiff fails to meet a condition precedent as required by Real Property Actions and Proceedings Law (RPAPL) section 1303. RPAPL §1303 requires that the foreclosing party must provide the homeowner a notice entitled "Help for Homeowners in Foreclosure," (the "Notice"), which contains warnings about foreclosure rescue scams and other information to any mortgagor and tenant of the property. RPAPL §1303(2)(a) further requires that the Notice must be delivered

with the Summons and Complaint. In *First Natl. Bank of Chicago v. Silver* (73 AD3d 162) (2d. Dept. 2010), the court held that proper service of the Notice is a precedent to the commencement of the foreclosure action. The court further held that the Notice is the plaintiff's burden to meet, and the plaintiff's failure to serve the Notice merits the grounds for a dismissal of the action. Plaintiff fails to provide substantive evidence of compliance to RPAPL §1303.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Realleges each and every allegation contained in Paragraph 1 through 4 above as though set forth fully and at length herein.

6. Plaintiff failed to meet the condition precedent required by RPAPL §1304, which requires that a loan servicer deliver a notice to the homeowner at least 90 days, (the "90-Day Notice"), prior to commencing a foreclosure action. The 90-Day Notice must contain (1) the following specific verbiage: "YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY . . ."; and (2) the specific language set forth within RPAPL §1304 (1). In *Aurora Loan Services, LLC. v. Weisblum*, the court held that proper service of the RPAPL §1304 is a condition precedent to the commencement of the foreclosure action. Furthermore, RPAPL §1302(2) states that failure to provide a homeowner with the 90-Day Notice is a defense to a foreclosure action. Plaintiff fails to provide substantive evidence of compliance to RPAPL §1304.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Realleges each and every allegation contained in Paragraph 1 through 6 above as though set forth fully and at length herein.

8. The loan documents relied upon by Plaintiff are void. Lender failed to comply with the Truth-in-Lending Act, 15 U.S. §1635, right of rescission and Regulation Z, 12 C.F.R. §226.23. The requirements of 15 U.S. §1635 provide that a Lender must furnish a borrower with an

accurate and correct notice of his or her right to rescind the transaction within three (3) business days after the closing of the mortgage. Defendant affirms that she received no notice of rescind from Plaintiff or the originating lender.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Reallegess each and every allegation contained in Paragraph 1 through 8 above as though set forth fully and at length herein.

10. The loan documents relied upon by Plaintiff are void. Plaintiff failed to provide a Good Faith Estimate (GFE) as required by Real Estate Settlement Procedures Act (RESPA). The requirements of 12 U.S.C. § 2604(c), (d); 24 C.F.R. § 3500.6(a)(1), 7(a), 7(d) state that within three (3) days of the mortgage application, the lender must mail the consumer a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement. Defendant affirms that she received no GFE.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. Realleges each and every allegation contained in Paragraph 1 through 10 above as though set forth fully and at length herein.

12. Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Realleges each and every allegation contained in Paragraph 1 through 12 above as though set forth fully and at length herein.

14. Plaintiff breached its contract with Defendant when Plaintiff forcefully placed homeowner's insurance in an amount in excess of that required under the mortgage contract, increasing Defendant's required monthly payments substantially, actually, and proximately

causing Defendant to no longer meet his obligation under the contract, and excusing his performance under the contract.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. Realleges each and every allegation contained in Paragraph 1 through 14 above as though set forth fully and at length herein.

16. Plaintiff intentionally failed to act in good faith or to deal fairly with Defendant by failing to follow the applicable standards of residential single-family mortgage servicing as described in the foregoing Affirmative Defenses thereby denying Defendant access to the residential mortgage servicing protocols applicable to the subject note and mortgage.

17. Plaintiff failed, refused, or neglected to comply, prior to the commencement of this action, with the servicing obligations specifically imposed by the Pooling and Servicing Agreement (PSA) in many particulars, including, but not limited to the following:

   a. Plaintiff failed to service and administer the subject mortgage loan in compliance with all applicable federal, state, and local laws.

   b. Plaintiff failed to service and administer the subject loan in accordance with the customary and usual standards of practice of mortgage lenders and servicers.

   c. Plaintiff failed to extend to Defendant the opportunity to modify, waive, forbear, or amend the terms of the subject loan or to exercise the requisite judgment as is reasonably required pursuant to the PSA.

   d. Plaintiff's failure to meet the servicing obligations imposed by the PSA caused Plaintiff's filing of this foreclosure to be premature and in bad faith; therefore breaching its obligation to act in good faith and deal fairly with Defendant, as implied in the mortgage contract and as specified in writing in the PSA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. Realleges each and every allegation contained in Paragraph 1 through 17 above as though set forth fully and at length herein.

19. Plaintiff failed to comply with the foreclosure prevention loan servicing requirement pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5), which requires all loan servicers of non-federally insured home loans to advise their borrowers of homeownership counseling services offered by the U.S. Department of Housing and Urban Development. The U.S. Department of Housing and Urban Development has determined that 12 U.S.C. 1701x(c)(5) creates an affirmative legal duty on the part of Plaintiff. Plaintiff's non-compliance with the law's requirements is an actionable event that makes the filing of this foreclosure premature based on a failure of a statutory condition precedent to foreclosure which denies Plaintiff's ability to carry out this foreclosure. Plaintiff cannot legally pursue foreclosure unless and until Plaintiff demonstrates compliance with 12 U.S.C. 1701x(c)(5).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. Realleges each and every allegation contained in Paragraph 1 through 19 above as though set forth fully and at length herein

21. Plaintiff has charged and/or collected payments from Defendant for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage or the controlling PSA, which specifies the waiver of late payments and other collection charges as part of the forbearance and loan modification default loan servicing.

Plaintiff wrongfully and willfully added and continues to unilaterally add these illegal charges to the balance that Plaintiff claims is due and owing under the subject note and mortgage.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

22. Realleges each and every allegation contained in Paragraph 1 through 21 above as though set forth fully and at length herein.

23. Plaintiff fails to establish that it is the holder of the note and mortgage, thus lacking standing to maintain this action.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

24. Realleges each and every allegation contained in Paragraph 1 through 23 above as though set forth fully and at length herein.

25. Plaintiff is barred by the doctrine of *unclean hands*.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. Realleges each and every allegation contained in Paragraph 1 through 25 above as though set forth fully and at length herein.

27. Plaintiff violated General Business Law §349 in that their acts and practices in the conduct of business are deceptive.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. Realleges each and every allegation contained in Paragraph 1 through 27 above as though set forth fully and at length herein.

29. Defendant's mortgage for the subject premises is unconscionable.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

30. Realleges each and every allegation contained in Paragraph 1 through 29 above as though set forth fully and at length herein.

31. Plaintiff has violated Section 5 of the Federal Trade Commission Act by intentionally delaying the underwriting of Defendant's loan modification request.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32. Realleges each and every allegation contained in Paragraph 1 through 31 above as though set forth fully and at length herein.

33. The statute of limitations to bring this action has expired.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34. Realleges each and every allegation contained in Paragraph 1 through 33 above as though set forth fully and at length herein.

35. Plaintiff failed to comply with federal Home Affordable Modification Program (HAMP) requirements as a condition precedent to commencement of this action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

36. Realleges each and every allegation contained in Paragraph 1 through 35 above as though set forth fully and at length herein.

37. Plaintiff has operated in bad faith in loss mitigation discussions with Defendant.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

38. Realleges each and every allegation contained in Paragraph 1 through 37 above as though set forth fully and at length herein.

39. The *lis pendens* is defective or omitted.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40. Realleges each and every allegation contained in Paragraph 1 through 39 above as though set forth fully and at length herein.

41. The recorded mortgage assignment(s) relating to the alleged subject loan are defective.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

42. Realleges each and every allegation contained in Paragraph 1 through 41 above as though set forth fully and at length herein.

43. The Summons and Complaint was improperly served.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

44. Realleges each and every allegation contained in Paragraph 1 through 43 above as though set forth fully and at length herein.

45. Plaintiff failed to name a lien holder which is an indispensable party to this action.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

46. Realleges each and every allegation contained in Paragraph 1 through 43 above as though set forth fully and at length herein.

47. Plaintiff is in violation of NY CPLR 3408 by failing to afford Defendant a settlement conference to modify the subject loan.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

48. Realleges each and every allegation contained in Paragraph 1 through 43 above as though set forth fully and at length herein.

49. Plaintiff violates the alleged mortgage agreement, whereas the agreement states that the document is governed by New York State law, and that all disputing arising from its terms be governed by the state court.

**WHEREFORE**, Defendant respectfully demands an order to,

  A. Dismiss the complaint in its entirety with prejudice;

  B. Render the mortgage agreement null and void;

  C. Grant reasonable attorney fees, pursuant to 15 U.S.C. §1692k (a)(3);

D. Grant additional damages, pursuant to 15 U.S.C. §1692k (2)(A), in the amount of $1,000;

E. Deny Plaintiff's requested relief;

F. Grant relief in the form of contract reformation—reforming Defendant's mortgage contract to reflect those terms Defendant was originally promised by the mortgage broker;

G. Permit any interest or costs accrued since Plaintiff's breach of contract to be awarded as damages to Defendant;

H. Update Defendant's credit report, removing any negative coding arising from the issues presented in this action, including foreclosure;

I. Reduce Defendant's interest rate;

J. Extend the loan repayment period;

K. Re-amortize the principal balance with capitalization of the arrears;

L. Reduce the principal balance;

M. Grant declaratory relief;

N. Grant injunctive relief;

O. Grant Defendant such other and further relief as may be just and proper.

Dated: August 20, 2019

Respectfully submitted,

By: /s/ Gulshan Anwar
Gulshan Anwar

To:   Alan H. Weinreb, Esq.
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, NY 11791
Tel.: 516-945-6055

## VERIFICATION

**United States District Court, Eastern District Of New York:**

Gulshan Anwar, being duly sworn, deposes and says: I am the Defendant in this action. I have read the Answer and know the contents to be true to my own knowledge, except for those matters alleged to be on information and belief, and as to those matters, I believe them to be true.

_____
**Signature of Gulshan Anwar**

Sworn to before me this 20TH day

of August, 2019

_____
**Notary Public**

JONATHAN KOREN
Notary Public, State of New York
No. 02KO6099817
Qualified in New York County
Commission Expires Oct. 6, 2019